# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No. 04-14015-CIV-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANDRE JAMAAL WILLIAMS,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on the Magistrate Judge's Report and Recommendation on Final Hearing in Respect to the Petition Alleging Violations of Supervised Release [D.E. 176], and Defendant Andre Jamaal Williams's Objections to the Magistrate Judge's Report and Recommendation. [D.E. 177].

**THIS MATTER** was assigned to the Honorable United States Magistrate Judge Shaniek M. Maynard, on July 7, 2017. On August 18, 2017, Magistrate Judge Maynard issued a Report and Recommendation recommending that Defendant "be found to have violated his supervised release in respect to Violations 1, 2, and 3, except that with respect to Violation 2, there is no finding that Defendant possessed a synthetic narcotic, opium or derivative with intent to sell, deliver, manufacture within 1000 feet of a place of worship, or possessed new legend drugs without a prescription in violation of state law." [D.E. 176]. Thereafter,

Defendant filed timely objections to the Magistrate Judge's Report and Recommendation. [D.E. 177].

## I. Defendant's Objections

First, Defendant generally objects to the finding that the government has established Violation 1 by a preponderance of the evidence.[D.E. 177 at ¶1]. With respect to Violations 2 and 3, while conceding that he may have touched the firearms at issue, Defendant denies that he possessed or exercised dominion and control over the firearms. [D.E. 177 at ¶2 and 7]. Also, Defendant objects, without any supporting law, to the Report's correlation that the "small quantities of drugs located on the premises are evidence of firearm possession." [D.E. 177 at ¶3]. Finally, Defendant objects to the conclusions that he: 1) possessed 118 grams of marijuana with the intent to distribute, 2) possessed in excess of 20 grams of marijuana, and 3) possessed drug paraphernalia in the form of clear baggies and a digital scale. [D.E. 177 at ¶4-6].

## II. Analysis

Upon a finding "by a preponderance of the evidence that the defendant violated a condition of supervised release," Section 3583(e)(3) permits the court to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release" 18 U.S.C. § 3583(e)(3). United States v. Cunningham, 607 F.3d 1264, 1266 (11th Cir. 2010). After

2

an independent review of the record the Court agrees that the Defendant's violation of supervised release has be proven by a preponderance of the evidence. Cunningham at 1268 (11th Cir. 2010). Moreover, the Court finds no persuasive argument in Defendant's objections to the Magistrate's Report and Recommendation.

III. Conclusion

**THE COURT** has conducted an independent review of the record and is otherwise fully advised in the premises. Accordingly, for the aforementioned reasons, it is

**ORDERED AND ADJUDGED** that United States Magistrate Judge Shaniek M. Maynard Report [D.E. 14] is hereby **RATIFIED, AFFIRMED and APPROVED in its entirety.** It is further

**ORDERED AND ADJUDGED** that Defendant Andre Jamaal Williams is found to have violated his supervised release with respect to Violations 1, 2, and 3, except that with respect to Violation 2, Defendant did not possess a synthetic narcotic, opium or derivative with intent to sell, deliver, manufacture within 1000 feet of a place of worship, or possessed new legend drugs without a prescription in violation of state law.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of September, 2017.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE